**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-4281**

───────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

LISA PATRICE OLIVER,

                                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-310)

───────────────

Submitted:  October 31, 2005          Decided:  November 21, 2005

───────────────

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lisa Patrice Oliver pled guilty to possessing with intent to distribute 226.7 grams of cocaine base. The district court calculated Oliver's sentence based on this amount of drugs using the Federal Sentencing Guidelines and sentenced her within a properly calculated Guideline range to 188 months of imprisonment.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether the district court erred in determining the quantity of drugs upon which Defendant's offense level was calculated. Thereafter, counsel filed a Fed. R. Crim. P. 28(j) motion questioning whether Oliver's sentence was correctly determined in light of the Supreme Court's opinion in Blakely v. Washington, 542 U.S. 296 (2004). Thereafter, the Supreme Court extended the holding of Blakely to the Federal Sentencing Guidelines in United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Oliver's conviction and sentence.

In Booker the Supreme Court held that, when a defendant is sentenced under the mandatory Guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the

defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Oliver did not raise a Sixth Amendment challenge or object to the mandatory application of the Guidelines in the district court, we review the claim for plain error. Hughes, 401 F.3d at 547.

Here, because Oliver admitted to possessing with intent to distribute 226.7 grams of crack, she has admitted to the drug weight used to calculate her sentence using a base offense level of 34. See USSG § 2D1.1(c)(3). A base offense level of 34, combined with her criminal history of IV, yields a sentencing range of 210 to 262 months of imprisonment. Thus, because Oliver's 188-month sentence does not exceed the maximum of this range, there was no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005) (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found by jury, there is no Sixth Amendment violation). Neither do we find that there is a nonspeculative basis for remanding to the

district court to determine whether Oliver was prejudiced by the mandatory application of the Guidelines to her sentence.  See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005), petition for cert. filed, Oct. 13, 2005 (No. 05-6981).

We have examined the entire record in this case (including the issues raised in Oliver's pro se supplemental brief) in accordance with the requirements of Anders, and find no meritorious issues for appeal.  Accordingly, we affirm.  This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED